UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

DAWN SUVINO, individually and on behalf
of all others similarly situated,

       Plaintiff,

  -v-                                                                                                              No. 16 CV 7046-LTS-BCM

TIME WARNER CABLE, INC.,

       Defendant.

-------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

Plaintiff Dawn Suvino brings this putative class action against Defendant Time Warner Cable, Inc. ("TWC") asserting violations of Title III of the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. (the "ADA"). (Docket entry no. 1, Complaint ("Compl.").) The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331. Defendant has moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject-matter jurisdiction, and Rule 12(b)(6), for failure to state a claim. The Court has carefully considered the submissions of both parties and, for the following reasons, Defendant's motion to dismiss is granted in part and denied in part.

## BACKGROUND

The following recitation of relevant facts is drawn from the Complaint, the well-pleaded allegations of which are taken as true for the purposes of this motion to dismiss.

TWC operates a digital cable service (the "Cable Service") that is offered for sale to the public through physical storefronts as well as a website, www.timewarnercable.com (the "Website"). (Compl. ¶ 5.) Plaintiff is a legally blind individual who the parties agree is disabled

within the meaning of the ADA. (Id. ¶ 4.) Plaintiff alleges that the Website and the Cable Service are places of public accommodation within the meaning of the ADA, and that she and other legally blind individuals who are customers of TWC are unable to access either the Website or the Cable Service in the same manner as non-disabled individuals. (Id. ¶¶ 4, 47, 56, 61, and 66-67.) Specifically, Plaintiff alleges that TWC has violated the ADA by failing to ensure that the Website is accessible to individuals who use text-to-speech screen reader software to access the Internet. (Id. ¶¶ 53-55.) Plaintiff further alleges that TWC has violated the ADA by failing to include video description technology that would describe certain visual elements of a television program for the benefit of visually impaired viewers, as well as other voice guidance features, in its Cable Service. (Id. ¶¶ 67-70.)

Count I of the Complaint seeks damages and injunctive relief pertaining to the website. Count II seeks the same types of relief with respect to the Cable Service, and Count III seeks declaratory relief with respect to the ADA violations alleged in Counts I and II. Defendant moves to dismiss the complaint in its entirety.

## DISCUSSION

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A proper complaint cannot simply recite legal conclusions or bare elements of a cause of action; it must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Title III of the ADA prohibits discrimination on the basis of disability by "public accommodations" and provides, inter alia, that "[n]o individual shall be discriminated against on

the basis of disability in the full and equal enjoyment of the goods services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C.S. § 12182(a) (LexisNexis 2009). The statute defines the term "place of public accommodation" by enumerating twelve categories of "places" and "establishments" that are covered if their operations affect commerce, giving non-exclusive examples of types of enterprises falling into each category. Id. § 12181(7); see Pallozzi v. Allstate Life Ins. Co., 198 F.3d 28, 30 (2d Cir. 1999). All but one of the listed exemplars for each of the twelve categories clearly reference physical locations (e.g., a barber shop, hospital, insurance office, park, zoo, gymnasium, office of an accountant or lawyer). See 28 U.S.C. § 12181(7). The lone exception is "travel service," which is included in the list of "service establishment[s]." Id. The Department of Justice ("DOJ") regulations issued pursuant to the ADA similarly define a public accommodation as a "facility," which is in turn defined as "all or any portion of buildings structures, sites, complexes, equipment, rolling stock . . . or other real or personal property, including the site where the building, property, structure, or equipment is located." 28 C.F.R. § 36.104.

TWC argues that neither the Website nor the Cable Service is a place of public accommodation under the ADA and that, accordingly, Plaintiff does not state a claim for a violation of the ADA. However, Plaintiff's Complaint, read generously, alleges plausibly that the physical TWC locations, which offer the Cable Service and services ancillary to the acquisition or maintenance of the Cable Service, are service establishments or sales or rental establishments, both of which are categories of places of public accommodation as defined by the statute. While Plaintiff's theory as to the relationship between the physical locations and the Website is somewhat less clear, the Court reads the Complaint at this stage to allege at least that

Website functionalities (including service selection, online bill payment and access to streaming services) are among the service features sold through the physical locations and thus are an aspect of the goods and services offered by the stores as public accommodations.  See 42 U.S.C. § 12182(b)(1)(A)(i).

The Second Circuit, in Pallozzi, recognized that Title III requires not only that a place of public accommodation be physically accessible by the disabled, but also that the goods or services there offered cannot be denied on the basis of disability.  Pallozzi, 198 F.3d at 32-33 ("We believe an entity covered by Title III is not only obligated by the statute to provide disabled persons with physical access, but is also prohibited from refusing to sell them its merchandise by reason of discrimination against their disability.").  Thus, in Pallozzi, the mentally disabled plaintiffs were held to have stated a claim for relief by alleging that the defendant insurer, which operated insurance offices, had denied them a policy based solely on their disability.

Here, Plaintiff alleges that the visually impaired are denied full enjoyment of convenient functionalities that are included in the Website because the Website is not coded in a way that makes it fully accessible via screen reader technology, and complains that alternatives such as telephone services and the ability to access such functionalities at the physical stores do not provide the requisite access.  Plaintiff further alleges that the Cable Service is insufficiently accessible to the visually impaired because it lacks audio narration of visual content and lacks audible channel guide features.   These allegations suffice plausibly to plead a cause of action for violation of Title III of the ADA.  Plaintiff pleads, and Defendant does not contest for purposes of this motion practice, that she is disabled within the meaning of the statute.  As noted above, she has alleged that TWC operates places of public accommodation constituting sales or service

establishments. She alleges that she is being denied the full and equal enjoyment of services offered by those places of public accommodation.

TWC argues that Plaintiff has failed to demonstrate that she has standing to pursue her causes of action because its telephonic access provides a level of service that precludes a claim of irreparable harm insofar as Plaintiff complains of Website deficiencies, and that she lacks standing to complain of the particular Cable Service deficiencies cited in the Complaint because the features she cites are covered by a separate statute, the Twenty-First Century Communications and Video Accessibility Act of 2010 (the "CVAA"), which vests enforcement action as to such features in the FCC. See 47 U.S.C. § 613(j). Neither argument is availing. Title III requires full and equal enjoyment and provides for injunctive relief to compel compliance; the Rule 65 irreparable harm standard is not incorporated into the statute. The sufficiency of the auxiliary aids and services provided by TWC is a matter for litigation at a later stage of this proceeding. Nor does the CVAA contain on its face any indication of Congressional intent to supersede the ADA's general prohibitions of discrimination and requirements of accommodations and auxiliary aids. Defendant's motion to dismiss is therefore denied to the extent it seeks dismissal under Federal Rule of Civil Procedure 12(b)(1). It is also denied to the extent it seeks dismissal of Counts I and II of the Complaint for failure to state a claim upon which relief may be granted, for the reasons stated above. This decision is without prejudice to the parties' positions on issues such as reasonable accommodation, fundamental alteration and undue burden.

Count III, which requests declaratory relief is, however, dismissed as redundant of the claims asserted in Counts I and II, and Counts I and II are dismissed insofar as they seek

damages, which are not available for violations of Title III of the ADA.  See 42 U.S.C. § 12188(a).

CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the Complaint is granted insofar as it seeks dismissal of Plaintiff's claims for damages and declaratory relief, and is denied in all other respects.  This Memorandum Opinion and Order resolves docket entry no. 18.

This case has been referred to Magistrate Judge Moses for general pretrial management.  The parties are directed to contact Judge Moses' chambers promptly to arrange for an initial pretrial conference.

SO ORDERED.

Dated: New York, New York
August 31, 2017

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge